# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 20-CR-151 (CJN)** |
| v. : | |
| : | |
| **MARK L. CLARK** : | |
| : | |
| **Defendant.** : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

### Sensitive Materials

1. This Order applies to materials containing personal identity information as identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure ("sensitive materials"). Specifically, all sensitive materials provided by the United States to defense counsel in preparation for, or in connection with, any stage of this case are subject to this protective Order ("the Order").

2. The sensitive materials may be used by the defendant and his legal defense team. Defendant's "legal defense team" shall include defense counsel (including counsel of record in this case, any consulting co-counsel, and any subsequent post-conviction or appellate counsel), and investigators, paralegals, experts or support staff members who are working under the direction of defense counsel.

3. No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defense team or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court. In the event defense counsel seeks to share those materials with others outside of the legal defense team, defense counsel shall seek leave of the court.

2

4.      Absent prior permission from the Court, information containing sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal or in redacted format (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

5.      Sensitive materials must be maintained in the custody and control of defense counsel.   Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant.   Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials.   If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

6.      The defendant, legal defense team, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant and authorized persons.   Such copies and reproductions shall be treated in the same manner as the original materials.   The defendant, and legal defense team shall not disclose sensitive materials included in any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all sensitive materials included in any such notes or records are to be treated in the same manner as the original materials.

7.      The legal defense team, but not the defendant, may retain sensitive information upon conclusion of this case. This Order shall remain in force after the conclusion of this case and shall continue to govern the use, disclosure, and retention of sensitive materials.

8.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9.      The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   No party shall disclose designated confidential documents in open court without prior consideration by the Court.

10. Sensitive material includes, but is not limited to, materials covered by Rule 6 of the FEderl Rules of Criminal Procedure such as Grand Jury transcripts.

### Scope of this Order

11. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **No Waiver**. The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

13. **No Ruling on Discoverability or Admissibility**. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this _____ day of October, 2020.

_____
HONORABLE CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE