IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 1:20-cr-00151-CJN |
| | : | |
| v. | : | |
| | : | |
| MARK LAMONT CLARK, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SUPPLEMENTAL BRIEF**
**PURSUANT TO THE COURT'S JULY 20, 2023, ORDER**

The Court ordered the parties to brief whether the Court's jury instruction on the element of willfulness was erroneous in light of the following cases: *United States v. Ehrlichman*, 546 F.2d 910 (D.C. Cir. 1976); *United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976); *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993); and *Screws v. United States*, 325 U.S. 91, 104-06 (1945) (plurality opinion). *See* July 20, 2023, Minute Order. A careful review of these cases makes clear that the Court's willfulness instruction was not erroneous.

### I.    Background

The defendant, Mark L. Clark, was indicted on two counts of violating 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law) for offenses occurring on July 13, 2018, and July 18, 2018. He was convicted on both counts on May 23, 2023. The Defendant's Motion for New Trial and Incorporated Memorandum in Support of Pending Motion for Judgment of Acquittal (ECF 115) was filed on June 13, 2023. The United States' Opposition to Motion for Judgment of Acquittal and/or New Trial (ECF 116) was filed on July 7, 2023. Finally, the Reply in Further Support of Defendant's Motion for New Trial and Incorporated Memorandum in Support of Pending Motion for Judgment of Acquittal (ECF 118) was filed on July 12, 2023. The Court

1

sought this supplemental briefing on the matters addressed in these motions, *see* ECF 116 at 28-36, on July 20, 2023.

At trial, the Court instructed the jury that the victims have the right to be free from the use of unreasonable force.  Then, the Court gave the following instruction as it relates to willfulness:

> For the third element, the government must prove with respect to each count that the Defendant acted "willfully."  In this case, the Defendant acted "willfully" if he acted with the specific intent to interfere with Daquan Toland's or Kenneth Coleman's right not to be subjected to unreasonable force.
>
> It is not necessary for you to find that the Defendant knew that he was acting unlawfully or that he was violating a specific law or constitutional provision. You may find that a defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. You must, however, find that the Defendant intended to use more force than was reasonable under the circumstances.
>
> You should use the instruction that I previously gave you – Proof of State of Mind – when determining whether the government has proved beyond a reasonable doubt that the Defendant acted with the necessary state of mind.

(ECF 113, pp. 29).  As discussed herein, this instruction is entirely consistent with the caselaw identified in the Court's July 20, 2023, Order.

## II.    Discussion

### *Screws v. United States*, 325 U.S. 91, 104-06 (1945) (plurality opinion)

In *Screws*, the Supreme Court, for the first time, construed "willfully" in the context of a civil rights violation. The defendant in *Screws* was convicted at trial after the jury was instructed that "if these defendants, without its being necessary to make the arrest effectual or necessary to their own personal protection, beat this man, assaulted him or killed him while he was under arrest, then they would be acting illegally under color of law, as stated by this statute, and would be depriving the prisoner of certain constitutional rights guaranteed to him by the Constitution of the United States and consented to by the State of Georgia."  *Screws*, 325 U.S. 91, 94 (1945).

Following a due process challenge to this instruction, a plurality of the Court found this instruction erroneous and held that, "the jury should have been further instructed that it was not sufficient that petitioners had a generally bad purpose. To convict it was necessary for them to find that petitioners had the purpose to deprive the prisoner of a constitutional right." *Id.* at 107.

In so holding, the Court noted, that "willful" is a word of many meanings and its construction is influenced by the context. In looking at the history of the statute, the court recognized that law enforcement personnel (and others acting under color) could not be held liable simply because an act was voluntary or intentional. *Id*. Importantly, the Supreme Court recognized that the requirement of "willful" conduct is met when "one who does act with specific intent is aware that what he does is precisely that which the statute forbids…" *Id.* at 104. The defendant is culpable not merely because of "bad purpose," but because he acted in defiance of an announced rule of law or in reckless disregard. *Id. at* 104-05. Put differently, the principles of due process require the avoidance of punishment for violating an "unknowable something." *Id.* Significantly, the Supreme Court further held that a defendant need not be contemplating his conduct in constitutional terms, finding that immaterial, where a defendant "act[s] in reckless disregard of constitutional prohibitions or guarantees." *Id*. at 106 (when a defendant's "aim" was "to deprive a citizen of a right and that right was protected by the Constitution[, . . . .] they at least act in reckless disregard of constitutional prohibitions or guarantees," which was sufficient under Section 242).

*Screws* did not mandate that "willfulness" be defined in any particular fashion. Rather, it required the jury to be instructed that to convict, they must find that the defendant had intended to act to deprive a person of a right protected by the constitution, considering all attendant circumstances, and that it was not sufficient that the defendants had a generally bad purpose. *Id.*

3

at 107.   Here, consistent with these requirements, the jury was properly instructed that the victims had an established right under the Fourth Amendment to be free from unreasonable force during a seizure, and that to impose liability, the jury must find that the defendant "acted with the specific intent to interfere with Daquan Toland's or Kenneth Coleman's right not to be subjected to unreasonable force," including that the defendant "intended to use more force than was reasonable under the circumstances."   (ECF 113, pp. 29)

### *United States v. Ehrlichman*, 546 F.2d 910 (D.C. Cir. 1976)

This framework was discussed in *United States v. Ehrlichman*, 546 F.2d 910 (D.C. Cir. 1976).   In *Ehrlichman*, the D.C. Circuit considered whether the alleged good faith of co-conspirator defendants was a proper defense in a civil rights matter, where the codefendants were involved in the violation of a person's civil rights.   546 F.2d at 148-151.   The Court began its analysis by reviewing the framework set forth in *Screws* and its progeny.   After noting that the *Screws* Court endeavored to avoid vagueness in the statute, the D.C. Circuit found that "willfully" meant acting with a purpose to deprive a person of a specific constitutional right that had been made definite by decision or other rule of law.   546 F.2d at 920.   The Court adopted this definition because one who acts with such specific intent is aware that what he is doing is precisely what the law forbids and that he either knows or is acting in reckless disregard.   *Id.*   In other words, in *Ehrlichman*, the D.C. Circuit found that willfulness requires first, that the constitutional right at issue be clearly delineated and applicable under the facts of the case.   546 F.2d at 921.   And second, that the jury must make the factual determination of whether the defendant acted with the purpose of depriving the victim of interests protected by that constitutional right.   *Id.*   The *Ehrlichman* court, like *Screws*, did not specify how the jury should be instructed.   Here, the jury was also properly instructed that the defendant had to act knowing that he was doing something that the law

forbid, even if he was not thinking in terms of violating the law or constitution.  (ECF 113, pp. 29).

### *United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976)

A few months after *Ehrlichman*, the D.C. Circuit explained in *United States v. Barker*, that the evidence was sufficient to show "specific intent" to commit a civil rights offense if a defendant had multiple purposes for the conduct so long as one of those purposes was to act in violation of a constitutionally protection interest.  *See Barker*, 546 F.2d 940, 946 (D.C. Cir. 1976).

*Barker* is a per curiam with no majority opinion.  However, all three judges – both concurrences by Judge Wilkey and Judge Merhige and the dissent by Judge Leventhal – agreed that the "specific intent" required for violation of the civil rights law (there, Section 241) did not require subjective knowledge that the conduct violated a specific law.  *See Barker*, 546 F.2d at 945 (Wilkey, J. concurring)  ("'[S]pecific intent' to interfere with the federal rights in question . . . . does not mean that [the defendant] must have acted with the subjective awareness that his action was unlawful. It is enough that he intentionally performed acts which, under the circumstances of the case, would have been clearly in violation of federal law, absent any other defense."); *id*. at 954 (Merhige, J., concurring) ("I generally concur with the positions taken by my Brothers with respect to the 'specific intent' requirement").

Although Judge Leventhal dissented on other grounds, his opinion likewise explains that "willfulness" does not mean a defendant "must have acted with subjective awareness that his action was unlawful; nor need the defendant have thought in constitutional terms while acting. It is enough that the constitutional right is clearly defined and that [the defendant intends] to invade interests protected by the Constitution."  *Id.* at 970 (citing *Screws*) (internal citations omitted). Again, the D.C. Circuit did not mandate any particular "willfulness" instruction.

***United States v. Reese*, 2 F.3d 870 (9th Cir. 1993)**

Both *Screws* and *Ehrlichman* were relied upon in the final case identified in the Court's order of July 20, 2023: *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993). In *Reese*, the Ninth Circuit applied *Screws* and *Ehrlichman* in the context of an excessive force case involving housing authority police officers.  *Id*.  In *Reese*, the trial court instructed the jury that an act is done "willfully" if "it is done voluntarily and intentionally and with a specific intent to do something the law forbids, that is, with the intent to violate a specific protected right." *Id.* at 885-86.  The trial court further instructed the jury that the requisite intent is to use more force than is necessary under the circumstances.  *Id*.  The instructions, taken as a whole, required the jury to find that the defendants intended to use more force than was necessary under the circumstances.  *Id*.  On appeal, the defendant challenged the constitutionally of Section 242 on vagueness/due process grounds.

In discussing the Supreme Court's holding in *Screws*, the Ninth Circuit found that *Screws* appears to establish an inconsistency between having the purpose to deprive someone of a constitutional right and committing the act without thinking in constitutional terms.  *Reese*, 2 F.3d at 880-81.  The Ninth Circuit found that this inconsistency was ultimately resolved by the Supreme Court's additional explanation that to "act willfully in the sense that we use the word [is to] act in open defiance *or reckless disregard* of a constitutional requirement that has been made specific and definite." *Id* at 881 (emphasis in original).  The Ninth Circuit went on to hold that,

> intentionally wrongful conduct, because it contravenes a right definitely established in law, evidences a reckless disregard for that right; such reckless disregard, in turn, is the legal equivalent of willfulness.

*Id*.  The Ninth Circuit then went on to reject the argument that the jury had to be instructed that the excessive forced had to be used "with knowledge that such force was unlawful."  *Id. at 883*.  The Ninth Circuit also affirmed that it was unnecessary to prove that the defendants were thinking

in constitutional or legal terms. *Id*. In doing so, the Ninth Circuit found that *Screws* did not require that the defendants knew they were acting outside the law and that the defendants need not have been thinking about the law to act in reckless disregard.[1] *Id*. The instruction was sufficient in that it required the government to prove that the defendants intended to use not only the force, but more force than was reasonable. *Id*. Like the Supreme Court and the D.C. Circuit, the *Reese* court did not mandate specific language for the instruction.

Applying this series of cases to the "willfulness" instruction here, it is clear there was no instructional error and certainly no error warranting a new trial.

The four cases stand for the proposition that in a Section 242 case, with regard to willfulness, there is no error if the jury is instructed that the defendant acted willfully, in other words, with specific intent, or purpose to interfere with a constitutional right (in this case, the right to be free from unreasonable use of force). And, with regard to the evidence sufficient to meet the willfulness element: (1) willfulness can be proven with an eye to all the attendant circumstances; and (2) willfulness can be proven with acts in open defiance *or reckless disregard* of a constitutional requirement that is specific and definite. In sum, the Government must prove that the defendant intended to invade a constitutional right, but need not prove that the defendant specifically knew that doing so violated any particular law criminal law.

The jury here was instructed that Mr. Toland and Mr. Coleman had a constitutional right to be free from the use of unreasonable force. *See* ECF 113 at pp. 26-27. That to find the defendant guilty, the jury had to find that the defendant used more force than was reasonably necessary to accomplish a legitimate law enforcement purpose. *See id.* at pp. 26-29. More germane to the

---

[1] In *Reese*, the Ninth Circuit found that the weight of the authority among the circuits supports the view that there is no requirement that the "defendant recognize the unlawfulness of his acts." 2 F.3d at 886 (collecting cases).

Court's order of July 20, 2023, the jury was instructed that the defendant had to have the specific intent to interfere with the right of Mr. Toland and Mr. Coleman to be free from the use of unreasonable force – in other words, a specifically articulated constitutional right. *See id.* at pp. 27-.  The jury was correctly instructed that it was unnecessary that the defendant specifically knew his actions were unlawful or in violation of a specific constitutional provision. *Id.*  Rather, the jury was properly instructed that it must find the defendant intended to act with more force than was reasonable under the circumstances. *Id.*  In sum, the instructions given by this Court were entirely consistent with the holdings in *Screws*, *Ehrlichman*, *Barker* and *Reese.*

## <u>CONCLUSION</u>

For the foregoing reasons, and upon the authorities cited, there was no error in the Court's willfulness instruction.


Dated: August 1, 2023                                    Respectfully,

                                                         MATTHEW M. GRAVES
                                                         United States Attorney


                                                         By: _/s/_MICHAEL T. TRUSCOTT
                                                         D.C. Bar Number: 1685577
                                                         Assistant United States Attorney
                                                         Public Corruption and Civil Rights Section
                                                         United States Attorney's Office
                                                         for the District of Columbia
                                                         (202) 252-7223
                                                         michael.truscott2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1ˢᵗ day of August, 2023, a copy of the foregoing United States'
Supplemental Brief Pursuant to the Court's Order of July 20, 2023 was sent, via email, to counsel
for Mark L. Clark, Emma Mulford and Christopher Macchiaroli.


   /s/ MICHAEL T. TRUSCOTT
MICHAEL T. TRUSCOTT